EFILED IN OFFICE
CLERK OF STATE COURT
BARROW COUNTY, GEORGIA
24-SV-00012
ROBERT M. GARDNER JR.
JAN 17, 2024 09:49 AM
Janie Jones, Clerk
Barrow County, Georgia

**IN THE STATE COURT OF BARROW COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| **MICKIE BAILEY,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**WAL-MART STORES EAST, LP; JOHN DOES #1-3; and, XYZ ENTITIES #1-3,**<br><br>**Defendants.** | **CIVIL ACTION NO.:** |

## COMPLAINT FOR DAMAGES

**COMES NOW MICKIE BAILEY** (hereinafter "Plaintiff") who files this Complaint for Damages ("Complaint") against **DEFENDANT WAL-MART STORES EAST, LP** (hereinafter "Wal-Mart"); **JOHN DOES #1-3; and, XYZ ENTITIES #1-3** (hereinafter "Defendants") and shows this Court as follows:

1.

Plaintiff is a resident of Georgia and submits to the jurisdiction and venue of this Court.

2.

Defendant Wal-Mart is a foreign limited partnership with its principal office address located at 702 SW 8th St., Bentonville, AR 72716 and may be served through its registered agent, The Corporation Company (FL) 106 Colony Park Dr. Ste. 800-B Cumming, GA 30040-2794.

3.

Defendant Wal-Mart is subject to the jurisdiction of this Court.

4.

Venue is proper in this Court as to Defendant WAL-MART.

5.

Subject matter jurisdiction is proper in this Court as to Defendant WAL-MART.

6.

At all times relevant herein, WAL-MART owned and operated the retail department store located in Barrow County, Georgia at 440 Atlanta Highway N.W. Winder, GA 30680.

7.

Defendants John Does #1-3 are unidentified individuals that have any fault, directly or indirectly, for the acts and omissions that gave rise to this occurrence, and who were negligent and said negligence gives rise to liability for said acts and omissions in relation to the occurrence at issue.

8.

Defendants XYZ Entities #1-3 are unidentified companies, LLCs, LLPs, partnerships or corporations that have or whose agents, officers, or employees have any fault, directly or indirectly, for the acts and omissions that gave rise to this occurrence, and:

(a) In which Wal-Mart has an interest; or,

(b) That has any ownership or other interest in the property at issue and/or the area where Plaintiff's injuries and damages occurred; or,

(c) That is an occupier of the property at issue; or,

(d) Whose agents or employees were negligent and said negligence gives rise to liability for said acts and omissions in relation to the occurrence at issue; or,

(e) That otherwise has any fault directly or indirectly, for the acts and omissions arising out of this occurrence.

9.

On 10/24/22, Plaintiff was an invitee at the Winder Wal-Mart Supercenter located at 440 Atlanta Highway N.W. Winder, GA 30680.

10.

At one point during that shopping experience, Plaintiff reached for a tuna can off of the bottom aisle shelf.

11.

As Plaintiff reached for that tuna can, a John Doe wearing a Wal-Mart vest entered the Plaintiff's shopping aisle while pushing a shopping cart. The John Doe was not paying attention to where he was going. As a result, the John Doe carelessly pushed his shopping cart into Plaintiff's right shoulder which injured it.

12.

Upon information and belief, the John Doe wearing the Wal-Mart vest was a Wal-Mart employee that was racing to fulfill an online order placed by a Wal-Mart customer. It is possible, however, that the John Doe was jointly and/or solely employed by an unknown third party contractor. Thus, Plaintiff has also sued XYZ Entities #1-3, as well as the John Doe.

13.

Plaintiff completed an incident report before she left the Wal-Mart store on 10/24/22.

14.

A day or two after the incident, a Wal-Mart representative contacted Plaintiff. The

representative confirmed that Wal-Mart had preserved the surveillance footage documenting the incident.

15.

Defendant WAL-MART has refused to produce the incident report or incident surveillance footage to Plaintiff.

16.

Plaintiff began to treat with an orthopedist on 10/25/22 (the day after the subject incident).

17.

Plaintiff's right shoulder pain did not improve despite five months of conservative orthopedic treatment. As a result, Plaintiff underwent a right shoulder arthroscopy with subacromial decompression, labral debridement and arthroscopic Mumford procedure on 3/7/23.

18.

Plaintiff has incurred $18,998.00 medical expenses as the result of her injuries from the subject incident.

19.

The injuries suffered by Plaintiff are continuing and permanent in nature.

20.

The injuries that Plaintiff suffered were the direct and proximate result of the negligence on the part of one or more of the Defendants.

21.

In addition to the aforementioned damages, Plaintiff suffered the following injuries and damages:

(a) Personal injuries;

(b) Pain and suffering;

(c) Disability;

(d) Mental anguish;

(e) Loss of the capacity for the enjoyment of life;

(f) Permanent injuries; and,

(g) Consequential damages to be proven at trial.

22.

At all times mentioned herein, one or more Defendants exclusively owned, controlled and/or managed the premises at the store which included ensuring the safety of its invitees, including Plaintiff.

23.

At the time of the incident. one or more of the Defendants breached their duties to Plaintiff by allowing their John Doe employee to negligently injure the Plaintiff.

24.

Although one or more of the Defendants knew, or in the exercise of reasonable diligence should have known, of the risks of injuries to its invitees from employees that hurry around the store while pushing shopping carts, they negligently failed to take reasonable precautions to guard against those injuries and failed to protect their invitee, Plaintiff therefrom.

25.

At all times relevant to this incident, Plaintiff exercised due care for her safety.

26.

Each of the foregoing acts and omissions constitutes an independent act of negligence on the part of one or more Defendants and one or more or all said herein above stated acts were the proximate cause of the injuries and damages sustained by the Plaintiff.

27.

At all times pertinent and relevant to the incidents described in this Complaint, the John Doe Defendant was acting as an agent or employee of Defendant WAL-MART and XYZ ENTITIES #1-3, and was acting within the scope of such agency or employment relationship with said Defendants, the principals.

28.

The acts and omissions of the John Doe Defendant as the agent or employee of Defendant WAL-MART and XYZ ENTITIES #1-3 are imputed to said Defendants as a matter of law.

**WHEREFORE**, Plaintiff prays that a judgment be entered in her favor granting her the following relief:

(a) That Summons issue requiring the above-named Defendants to answer each allegation of this Complaint within the time provided by law;

(b) That Plaintiff has judgment against the above-named Defendants in such amount as the court may deem just and appropriate to compensate Plaintiff for all actual, consequential, special and statutory damages allowed by law, including, but not

limited to court costs and such further relief as this Court may deem necessary and proper;

**TRIAL BY JURY DEMANDED ON ALL COUNTS.**

This 16th day of January, 2024.

Respectfully submitted,

**GRAHAM SCOFIELD INJURY LAWYERS**
691 John Wesley Dobbs Ave. NE
Suite C-04
Atlanta, Georgia 30312
Telephone: (404) 939-9470
Facsimile: (800) 896-4504
Email: graham@atlinjurylawyers.com

*/s/ Graham Scofield*
Graham Scofield
Georgia Bar No. 940312
*Attorney for Plaintiff*

IN THE STATE COURT OF BARROW COUNTY
STATE OF GEORGIA

MICKIE BAILEY,

Plaintiff,

v.

WAL-MART STORES EAST, LP;
JOHN DOES #1-3; AND XYZ ENTITIES #1-3,

Defendants.

______________________________/

Civil Action File No.
24-SV-00012

## ANSWER OF DEFENDANT

COMES NOW, Defendant WAL-MART STORES EAST, LP and makes this Answer to Plaintiff's Complaint as follows:

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's alleged damages, if any, were directly and proximately caused by Plaintiff's own contributory negligence and failure to exercise ordinary care.

## THIRD DEFENSE

Plaintiff was not in the exercise of ordinary care for her own safety in the premises, and by the exercise of ordinary care could have avoided any injury to

herself; and on account thereof, Plaintiff is not entitled to recover from Defendant.

FOURTH DEFENSE

Defendant denies that it was negligent in any manner whatsoever or that any negligent act or omission on its part caused or contributed to any injury or damage alleged to have been sustained by Plaintiff.

FIFTH DEFENSE

Plaintiff assumed the risk of any hazard that was presented and is thereby barred from recovering against Defendant.

SIXTH DEFENSE

Defendant responds to the enumerated paragraphs of Plaintiff's Complaint as follows:

1.

Defendant lacks sufficient information to either admit or deny the allegations contained in paragraph 1 of the Plaintiff's Complaint.

2.

Defendant admits the allegations contained in paragraph 2 of Plaintiff's Complaint.

3.

Defendant denies the allegations contained in paragraph 3 of the Plaintiff's Complaint. Jurisdiction is now proper in the United States District Court, Northern District of Georgia, Gainesville Division.

4.

Defendant denies the allegations contained in paragraph 4 of the Plaintiff's Complaint. Venue is now proper in the United States District Court, Northern District of Georgia, Gainesville Division.

5.

Defendant denies the allegations contained in paragraph 5 of the Plaintiff's Complaint. Jurisdiction is now proper in the United States District Court, Northern District of Georgia, Gainesville Division.

6.

Defendant admits only that it operated the subject store. Defendants denies the remaining allegations contained in paragraph 6 of the Plaintiff's Complaint.

7.

Defendant denies the allegations contained in paragraph 7 of the Plaintiff's Complaint.

8.

Defendant denies the allegations contained in paragraph 8 of the Plaintiff's Complaint, including subparagraphs (a), (b), (c), (d) and (e) thereof.

9.

Defendant lacks sufficient information to either admit or deny the allegations contained in paragraph 9 of the Plaintiff's Complaint.

10.

Defendant lacks sufficient information to either admit or deny the allegations contained in paragraph 10 of the Plaintiff's Complaint.

11.

Defendant denies the allegations contained in paragraph 11 of the Plaintiff's Complaint.

12.

Defendant denies the allegations contained in paragraph 12 of the Plaintiff's Complaint.

13.

Defendant admits the allegations contained in paragraph 13 of the Plaintiff's Complaint, as to the "alleged" incident.

14.

Defendant admits the allegations contained in paragraph 14 of the Plaintiff's Complaint, as to the "alleged" incident.

15.

Defendant denies the allegations contained in paragraph 15 of the Plaintiff's Complaint.

16.

Defendant lacks sufficient information to either admit or deny the allegations contained in paragraph 16 of the Plaintiff's Complaint.

17.

Defendant lacks sufficient information to either admit or deny the allegations contained in paragraph 17 of the Plaintiff's Complaint.

18.

Defendant denies the allegations contained in paragraph 18 of the Plaintiff's Complaint.

19.

Defendant denies the allegations contained in paragraph 19 of the Plaintiff's Complaint.

20.

Defendant denies the allegations contained in paragraph 20 of the Plaintiff's Complaint.

21.

Defendant denies the allegations contained in paragraph 21 of the Plaintiff's Complaint, including subparagraphs (a), (b), (c), (d), (e), (f), and (g) thereof.

22.

Defendant denies the allegations contained in paragraph 22 of the Plaintiff's Complaint, as stated. The applicable statute and case law speak for themselves.

23.

Defendant denies the allegations contained in paragraph 23 of the Plaintiff's Complaint.

24.

Defendant denies the allegations contained in paragraph 24 of the Plaintiff's Complaint.

25.

Defendant denies the allegations contained in paragraph 25 of the Plaintiff's Complaint.

26.

Defendant denies the allegations contained in paragraph 26 of the Plaintiff's Complaint.

27.

Defendant denies the allegations contained in paragraph 27 of the Plaintiff's Complaint.

28.

Defendant denies the allegations contained in paragraph 28 of the Plaintiff's Complaint.

29.

All other allegations contained in the Complaint which are not specifically responded to herein, are, therefore, denied.

30.

Defendant denies Plaintiff's prayer for relief, including subparagraphs (a) and (b), thereof.

WHEREFORE, Defendant prays that Plaintiff's Complaint be dismissed with all costs cast upon the Plaintiff. DEFENDANT DEMANDS TRIAL BY A JURY OF TWELVE (12) PERSONS AS TO ALL ISSUES SO TRIABLE.

- Signature page follows -

McLAIN & MERRITT, P.C.

/s/ Ashley A. Bagiatis
Ashley A. Bagiatis
Georgia Bar No. 141360
Attorneys for Defendant
WAL-MART STORES EAST, LP

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA 30326
(404) 266-9171
(404) 364-3138 (fax)
aabagiatis@mmatllaw.com

CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing ANSWER OF DEFENDANT WAL-MART STORES EAST, LP has this day been filed and served upon opposing counsel via Peach Court E-File.

This the 14th day of February, 2024.

McLAIN & MERRITT, P.C.

/s/ Ashley A. Bagiatis
Ashley A. Bagiatis
Georgia Bar No. 141360
Attorneys for Defendant
WAL-MART STORES EAST, LP

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA 30326
(404) 266-9171
(404) 364-3138 (fax)
aabagiatis@mmatllaw.com

IN THE STATE COURT OF BARROW COUNTY
STATE OF GEORGIA

MICKIE BAILEY,

Plaintiff,

v.

WAL-MART STORES EAST, LP;
JOHN DOES #1-3; AND XYZ ENTITIES #1-3,

Defendants.

____________________________/

Civil Action File No.
24-SV-00012

**12-PERSON JURY DEMAND**

COMES NOW Defendant, WAL-MART STORES EAST, LP and demands a trial by a jury of twelve (12) persons.

McLAIN & MERRITT, P.C.

/s/ Ashley A. Bagiatis

Ashley A. Bagiatis
Georgia Bar No. 141360
Attorneys for Defendant
WAL-MART STORES EAST, LP

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA 30326
(404) 266-9171
(404) 364-3138 (fax)
aabagiatis@mmatllaw.com

CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing **12-PERSON JURY DEMAND** has this day been filed and served upon opposing counsel via Peachcourt E-File.

This the 14th day of February, 2024.

McLAIN & MERRITT, P.C.

/s/ Ashley A. Bagiatis
Ashley A. Bagiatis
Georgia Bar No. 141360
Attorneys for Defendant
WAL-MART STORES EAST, LP

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA 30326
(404) 266-9171
(404) 364-3138 (fax)
aabagiatis@mmatllaw.com